UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KEIYO A. GEORGE<br><br>            Petitioner,<br><br>    v.<br><br>HAROLD CLARKE,<br><br>            Respondent. | Case No. C05-5700RBL<br><br>REPORT AND RECOMMENDATION<br><br>**NOTED FOR:**<br>**AUGUST 11th, 2006** |

     This habeas corpus action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636 (b)(1)(B) and Local Magistrates' Rules MJR 3 and MJR 4. Petitioner filed this action seeking relief pursuant to 28 U.S.C. § 2254.

<u>INTRODUCTION AND SUMMARY CONCLUSION</u>

     Petitioner challenges his Pierce County conviction for first degree murder and first degree promotion of prostitution. (Dkt. # 6). He was originally sentenced to 448 months but on re-sentencing was sentenced to 470 months. (Dkt. # 14, page 1).

     The court has reviewed the file and concludes that issues number 2, 5, and 6 are procedurally barred. Issue, number 3 is without any factual support and petitioner did not provide a more definite statement when ordered to do so. The remaining two issues, 1 and 4, are without merit.

REPORT AND RECOMMENDATION
Page - 1

Accordingly, the petition should be **DENIED.**

## FACTS AND PROCEDURAL HISTORY

The Washington State Court of Appeals summarized the facts as follows:

> Keiyo George and his girlfriend, K.S., rented a motel room on the evening of the killing. [The 28th day of November, 2000]. K.S., a l4-year-old prostitute, left to find work. George stayed behind.
>
> Later that night, K.S. brought Embra Gilbert back to the room and the two went into the bathroom so K.S. could perform oral sex for money. K.S. testified that when she saw that Gilbert had a lot of money, she told George to rob him. George then confronted Gilbert, demanding his money at gunpoint. When Gilbert refused, the two men scuffled, and George fatally shot Gilbert. George and K.S. took the keys to Gilbert's truck and fled.
>
> Gilbert's wife testified that he had about $1000 on the day he was killed; there was no money on the body when police arrived shortly after the shooting.
>
> George had a different story. He testified that he woke up and heard K.S. screaming and the sounds of a struggle. When he opened the bathroom door, Gilbert attacked him; after a struggle, he shot Gilbert in self-defense. He denied robbing Gilbert.
>
> The jury found George guilty of first degree murder based on the underlying robbery and guilty of first degree promoting prostitution. The jury found that he was armed with a firearm for both counts.

(Dkt. # 15, Exhibit 5).

Petitioner, through counsel appealed and raised the following issues on direct appeal:

(1) THERE WAS INSUFFICIENT EVIDENCE FROM WHICH A RATIONAL TRIER OF FACT COULD HAVE FOUND GEORGE GUILTY OF MURDER IN THE FIRST DEGREE AS CHARGED BECAUSE HE DID NOT "ROB" GILBERT NOR DID HE ACT AS SANDIDGE'S ACCOMPLICE IN DOING SO, THEREFORE, THE MURDER DID NOT OCCUR DURING THE COMMISSION OF A ROBBERY IN THE FIRST DEGREE, NOR COULD A RATIONAL TRIER OF FACT HAVE FOUND GEORGE GUILTY OF PROMOTION PROSTITUTION I THE FIRST DEGREE BEYOND A REASONABLE DOUBT.

(2) GEROGE'S [sic] CONVICTION FOR MURDER IN THE FIRST DEGREE (COUNT I) SHOULD BE REVERSED WHERE THE COURT FAILED TO GIVE AN UNANIMITY INSTRUCTION AND THE EVIDENCE ELICITED AT TRIAL INDICATES THAT THE JURY COULD HAVE FOUND GEORGE GUILTY BASED ON THE THEFT OF GILBERT'S TRUCK, WHICH DOES NOT CONSTITUTE A PREDICATE FELONY FOR THE CRIME FOR WHICH GEORGE WAS CONVICTED.

(Dkt. # 15, Exhibit 3).

Petitioner filed a *pro se* brief and raised the following issues:

1. Mr. George was denied his fifth, sixth and fourteenth amendment rights to due process and a fair trial under the united state constitution and his constitutional rights under article I, §§ 3 & 22 of the Washington State Constitution when the trial court included accomplice language in the "to convict" and definition instructions for first degree murder and promoting prostitution.

2. The trial court erred when it included accomplice language in the "to convict" and definition instructions for first degree murder and promoting prostitution.

3. There was not sufficient evidence to support the conviction of the charge of first degree on a accomplice liability theory, thereby violating Mr. George's fifth, sixth and fourteenth amendments to receive due process and a fair trial and article I, § § 3 & 22 of the Washington State Constitution.

4. Under *Roberts* and *Cronin/Bui*, accomplice liability depends on proof that the accomplice promoted a specific charged crime, not just any illegal act; the instructions in Mr. George's case did just the opposite thereby violation his fifth, sixth and fourteenth amendments to receive due process and a fair trial **and his rights under Article I, §§ 3 & 22 of the Washington Sate [sic] Constitution.**

5. The trial court erred in entering the conviction for first degree murder and promoting prostitution when there was not sufficient evidence to convict on a accomplice theory. The trial court erred when presenting the jury with an accomplice instruction, definition instruction and a robbery instruction that allow Mr. George to be convicted even if he did not have knowledge of "the crime."

6. The trial court impermissibly gave retroactive application to the 1997 amendment of RCW 9.94A.030(12)(b) contained in new RCW 9.94A.030(12).The 1997 amendment to RCW 9.94A.030(12), which eliminates juvenile felonies committed before a defendant was 15 years of age from being "washed out," constitutes *ex postfacto* punishment.

7. Was the double jeopardy doctrine abridged when petitioner sentenced to consecutively and multiple gun enhancement.

8. There was sufficient charging information to support the felony murder conviction.

9. Trial court abused its discretion by failing to inquire into the fact that jurors viewed Mr. George while he was dressed in identifiable prison clothes.

10. Ineffective Assistance of Counsel

    a. Trial counsel failure to investigate or prepare Mr. George's self-defense theory.

    b. Trial counsel failure to prepare for the rejected self-defense instruction created an error of constitutional magnitude.

    c   Mr. George's Sixth Amendment constitutional right were

REPORT AND RECOMMENDATION
Page - 3

> violated by trial counsel failure to request a diminished capacity or voluntary intoxication as a lesser included offense instruction and failure to object.

11. Mr. George's conviction for felony murder in the first degree should be reversed where the court failed to give a unanimity instruction and the evidence elicited at trial indicates that the jury could have found Mr. George guilty based on the theft of Mr. Gilbert's truck, which does not constitute a predicate felony for the crime for which Mr. George was convicted.

12. The combined effect of the errors set forth denied Mr. George his Fifth, Sixth & Fourteenth Amendments rights to due process and a fair trial.

(Dkt. # 15, Exhibit 4). The Washington State Court of Appeals affirmed the conviction but remanded for re-sentencing in 2003. (Dkt. # 15, Exhibit 5). Petitioner filed for discretionary review and raised the following issues:

A. Whether the Court of Appeals erred under the State Constitution, Article I, § 3, § 9, § 10, and/or § 22, and/or the United States Constitution 5th, 6th and/or 14th Amendments, when the court concluded that under <u>State v. Dennison</u>, George was not entitled to an instruction on self-defense and/or the defense of others for felony murder despite substantial evidence in the record to support such a defense?

B. Has the Washington Legislature specifically provided for a statutory claim of self-defense against any homicide charge?

C. Does homicide include any murder?

D. Is felony murder one way of committing the crime of murder?

E. If this court answers in the affirmative to (b) (c) and (d) above, is felony murder a homicide where self-defense is applicable, provided there is sufficient evidence to invoke that defense as in George's case?

Argument Why Review Should Be Accepted.

(1) George's conviction for murder in the first degree (Count I) should be reversed where the Court of Appeals unconstitutionally sanctioned the trial court's failure to give a unanimity instruction and the evidence elicited at trial indicates that the jury could have become confused and found George guilty based on the theft of Gilbert's truck, which does not constitute a predicate felony for the crime for which George was convicted..

(2) THE COURT OF APPEALS CONSTITUTIONALLY ERRED WHEN IT CONCLUDED THAT GEORGE COMMITTED A ROBBERY WITHOUT THE STATE HAVING TO PROVE IT TO SUPPORT THE FELONY MURDER CONVICTION.

(3) THE COURT OF APPEALS CONSTITUTIONALLY ERRED WHEN IT CONCLUDED THAT GEORGE WAS NOT ENTITLED TO A SELF-DEFENSE INSTRUCTION FROM THE TRIAL COURT DESPITE

> MANIFEST EVIDENCE IN THE RECORD TO SUPPORT SUCH AN INSTRUCTION, WHICH WOULD HAVE ALLOWED GEROGE [sic] TO ARGUE HIS THEORY OF THE CASE, AND/OR IN THE ALTER-NATIVE GEORGE'S COUNSEL WAS INEFFECTIVE FOR INVOKING A DEFENSE ON GEORGE'S BEHALF, IE. SELF-DEFENSE, WHICH ALLEGEDLY AND/OR AS A MATTER OF WASHINGTON LAW, IS NOT A DEFENSE TO FELONY MURDER, EFFECTIVELY LEAVING GEORGE WITH NO DEFENSE TO ALL FOR THE JURY TO CONSIDER.

(Dkt. # 15, Exhibit 6, pages 4-5, 9, 11, 15). In early 2004 the Washington State Supreme Court denied review.

Petitioner filed his first personal restraint petition in October of 2004. He raised the following issues:

1. Is a criminal defendant provided effective assistance of appellate counsel when counsel fails to raise trial counsel's effectiveness in raising an unavailable defense?

2. Is a criminal defendant provided effective assistance of appellate counsel when counsel fails to raise trial counsel's effectiveness in providing incorrect sentencing information in contemplation of a plea bargain?

3. Is appellate counsel effective when counsel fails to present a colorable claim of prosecutorial misconduct and improper bolstering?

4. Is appellate counsel effective when counsel fails to procure the complete trial record on appeal?

5. Does Appellate counsel act in the role of an advocate when counsel files an appellate brief before obtaining and reviewing the entire record?

(Dkt. # 15, Exhibit 10). The petition was dismissed and petitioner filed a motion for discretionary review. Petitioner raised the following issues for review:

1. Whether the Court of Appeals Erroneously concluded that Mr. Keiyo's trial counsel provided effective assistance of counsel in pursuing an unavailable self defense?

2. Whether the Court of Appeals Erroneously concluded that Mr. Keiyo's trial counsel did not provide ineffective assistance of counsel when counsel failed to properly advise Keiyo of all the advantages and disadvantages of accepting or rejecting the state's plea offer?

3. Whether the Court of Appeals Erroneously concluded that the prosecutor did not commit misconduct when the prosecutor elicited improper testimony and commented on the credibility of Mr. Keiyo and his accomplice?

4. Whether the Court of Appeals Erroneously concluded that Appellate Counsel was not ineffective in failing to obtain a complete record of the trial?

REPORT AND RECOMMENDATION
Page - 5

(Dkt. # 15, Exhibit 12). The Washington State Supreme Court denied review and petitioner filed a motion to modify the ruling. In that motion he raised the following issues:

    A.    This Honorable Court should Modify The Commissioner's Ruling Denying Review Because the Ruling Erroneously concludes That Effective Representation Includes The presentation of a Defense which under Washington Law was wholly unavailable.

    B.    This Honorable Court should Modify The commissioner's [sic] Ruling Denying Review Because The Ruling Ignores That Trial Counsel Entered Into Plea Negotiations with a Misunderstanding of Petitioner's Offender Score.

    C.    This Honorable Court Should Modify The commissioner's [sic] Ruling Denying Review Because The Ruling Ignores That Petitioner presented uncontroverted Evidence That The Prosecutor committed Misconduct by Improper vouching which Resulted In An Unfair Trial.

    D.    This Honorable Court Should Modify The commissioner's Ruling Denying Review Because The Ruling Ignores That Appellate counsel failed to obtain the Record on Appeal Before Filing The Appellate Brief.

(Dkt. # 15, Exhibit 14). Petitioner's motion was denied. Petitioner then filed a second personal restraint petition that is still pending. Without waiting for a ruling petitioner filed the habeas corpus petition now before the court and he raises the following issues:

    1.    Ground one: Insufficiency [sic] of the evidence.

    Supporting Facts:

    There was no evidence to support the conviction for Felony Murder as no robbery took place. The only evidence to support was from alleged accomplice testimony.

    2.    Ground two: Denial of instructions on theory of case.

    Supporting Facts:

    Defense counsel requested instruction on theory of defense and the trial court denied the requested instruction.

    3.    Ground three: Ineffective assistance of counsel on Appeal.

    Supporting Facts:

    Appellate Counsel Failed to: (1) raise trial counsel's effectiveness; (2) Prosecutorial Misconduct and Bolstering; (3) obtain trial Record on Appeal.

    4.    Ground four: My state court conviction and sentence are unconstitutional, in violation of my 5th, 6th, and/or 14th Amendment(s) right to a unanimous jury verdict and a fundamental fair trial and due process.

>    Supporting Facts:
>
>    Petitioner's trial court clearly erred when it failed to give an unanimity instruction as to whether or not evidence of theft, the taking of the victim's truck after his death by petitioner, could be used by the jury as a basis for finding Petitioner guilty of felony murder.
>
> 5. Ground five: My state court conviction and sentence are unconstitutional in violation of my 5th, 6th, and/or 14th Amendment(s) right to due process, notice of charges, and/or jury instructions from mandatory presumptions.
>
>    Supporting Facts:
>
>    Petitioner asserts that the trial court's felony murder instruction in Petitioner's case unconstitutionally required Petitioner's jury to presume that "all" and/or any of the "elements" of the underlying offense of 1st degree robbery had already been proven by the State and as a consequence the jury need only to find that Petitioner caused the victim's death.
>
> 6. Ground six: My state court conviction and sentence are unconstitutional, in violation of my 5th, 6th, and/or 14 Amendment(s) right to prosecuting [sic] a defense and/or due process to an instruction on self-defense.
>
>    Supporting facts:
>
>    Petitioner's trial court clearly erred when it concluded that Petitioner was not entitled to an instruction on self-defense and/or the defense of others for the felony murder allegations against Petitioner despite substantial evidence in the record to support such defenses.

(Dkt. # 6).

## EVIDENTIARY HEARING

If a habeas applicant has failed to develop the factual basis for a claim in state court, an evidentiary hearing may not be held unless (A) the claim relies on (1) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court that was previously unavailable, or there is (2) a factual predicate that could not have been previously discovered through the exercise of due diligence; and (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense. 28 U.S.C. §2254(e)(2) (1996). Petitioner's claims rely on established rules of constitutional law. Further, petitioner has not set forth any factual basis for his claims that could not have been previously discovered by due diligence. Finally, the facts underlying petitioner's claims are insufficient to establish that no rational fact finder

REPORT AND RECOMMENDATION
Page - 7

would have found him guilty of the crime. Therefore, petitioner is not entitled to an evidentiary hearing.

STANDARD

Federal courts may intervene in the state judicial process only to correct wrongs of a constitutional dimension. Engle v. Isaac, 456 U.S. 107 (1983). Section 2254 is explicit in that a federal court may entertain an application for writ of habeas corpus "only on the ground that [the petitioner] is in custody in violation of the constitution or law or treaties of the United States." 28 U.S.C. § 2254(a)(1995). The Supreme Court has stated many times that federal habeas corpus relief does not lie for errors of state law. Lewis v. Jeffers, 497 U.S. 764 (1990); Pulley v. Harris, 465 U.S. 37, 41 (1984); Estelle v. McGuire, 502 U.S. 62 (1991).

Further, a habeas corpus petition shall not be granted with respect to any claim adjudicated on the merits in the state courts unless the adjudication either  (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented to the state courts. 28 U.S.C. §2254(d).  A determination of a factual issue by a state court shall be presumed correct, and the applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. §2254(e)(1).

DISCUSSION

A.   Exhaustion.

In order to satisfy the exhaustion requirement, petitioner's claims must have been fairly presented to the state's highest court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985). A federal habeas petitioner must provide the state courts with a fair opportunity to correct alleged violations of prisoners' federal rights. Duncan v. Henry, 513 U.S.364, 115 S.Ct. 887, 888 (1995). It is not enough that all the facts necessary to support the federal claim were before the state courts or that a somewhat similar state law claim was made. Id, *citing* Picard v. Connor, 404 U.S. 270 (1971) and Anderson v. Harless, 459 U.S. 4 (1982).

REPORT AND RECOMMENDATION
Page - 8

Respondent contends the second, fifth, and sixth grounds for review in this petition were not properly exhausted and are now procedurally barred. (Dkt. # 14, pages 11 to 17). Respondent is correct.

Petitioner's second ground for review is failure of the trial court to give a self defense instruction. (Dkt. # 6). On direct appeal petitioner raise no issue regarding failure to give a self defense jury instruction. (Dkt. # 15, Exhibit 3 and 4). A related issue regarding ineffective assistance of counsel for not preparing for the court's failure to give the instruction was argued. (Dkt. # 15. Exhibit 4, issue 10 b). It is not enough that all the facts necessary to support the federal claim were before the state courts or that a somewhat similar claim was made. Id, *citing* Picard v. Connor, 404 U.S. 270 (1971) and Anderson v. Harless, 459 U.S. 4 (1982). This ground was not properly exhausted.

Petitioner did not present his fifth ground regarding the felony-murder instruction in his direct appeal. (Dkt. # 15, Exhibits 3 and 4). The issue was first raised in petitioner's motion for discretionary review of the order denying his direct appeal. (Dkt. # 15, Exhibit 6, at 2-3, 11). Petitioner filed a personal restraint petition and again failed to raise this issue. The issue was not in the petition, his motion for discretionary review on that petition, or the motion to modify the commissioners ruling. (Dkt. # 15, Exhibits 9, 10, 12, 14). To properly exhaust a claim, he had to present it at every level of appeal. Ortberg v. Moody, 961 F.2d 135, 138 (9th Cir. 1992). This ground was not properly exhausted.

Petitioner's sixth ground was not properly exhausted for the same reason as the two grounds discussed above. This ground involves the trial court's failure to give a self defense jury instruction. This ground was not raised on direct appeal, although a similar issue was presented. (Dkt. # 15, Exhibits 3 and 4). This ground was not properly exhausted.

B.   Procedural Bar.

Normally, a federal court faced with an unexhausted petition dismisses the petition without prejudice, so that the petitioner has an opportunity to exhaust the claims in state court. Petitioner, however, has filed a direct appeal, (Dkt. # 15, Exhibits 3 and 4), a motion for discretionary review of the order denying his direct appeal, (Dkt. # 15, Exhibit 6), a personal restraint petition, (Dkt. # 15,

Exhibit 9), a motion for discretionary review of the order denying his personal restraint petition, (Dkt. # 15, Exhibit 12), and a motion to modify the ruling denying review, (Dkt.. # 15, Exhibit 14). Thus, he has exhausted his ability to file in state court. He is barred from filing another petition in state court as any attempt to file another petition will be deemed successive and possibly time barred. See, RCW 10.73.090 and 10.73.140.

Federal Courts generally honor state procedural bars unless it would result in a "fundamental miscarriage of justice." or petitioner demonstrates cause and prejudice. Coleman v. Thompson, 501 U.S. 722, 750 (1991). Petitioner here cannot show cause and prejudice in state court.

To show cause in federal court petitioner must show that some objective factor external to the defense prevented petitioner from complying with state procedural rules relating to the presentation of his claims. McCleskey v. Zant, 499 U.S. 467, 493-94 (1991). Here, petitioner simply failed to raise his issues at each stage of review in state court. Thus, petitioner cannot show cause that excuses his procedural default in state court. Accordingly, the second, fifth, and sixth grounds for review in this petition are procedurally defaulted and should not be considered.

C. Failure to provide a more definite statement.

Respondent in this petition asked for a more definite statement of facts regarding petitioner's third grounds for relief. Petitioner contends there was prosecutorial misconduct by vouching for a witnesses credibility. (Dkt. # 6 Ground 3). Petitioner provided no operative facts to support this claim. On March 13th, 2006 the respondent's motion was granted. (Dkt. # 13). Petitioner has not responded or filed any document in this action since the filing of the petition.

The third ground for relief, and the briefing filed, contain no factual basis for the third ground. Petitioner has also failed to comply with the court's order to provide a more definite statement. This issue should not be considered on the merits.

D. On the Merits.

1. Sufficiency of the Evidence, Ground one.

Evidence is sufficient to support a criminal conviction if the record reasonably supports a finding of guilt beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 320 (1979). The question is whether, after reviewing the evidence in the light most favorable to the prosecution, any

rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Id., citing Johnson v. Louisiana, 406 U.S. 356, 362 (1972).

Here, K.S., one of the two persons in the motel room the night Mr. Gilbert was murdered testified. She testified the petitioner shot Mr. Gilbert four times while attempting to rob him. She admitted to bringing Mr. Gilbert to the hotel in Fife Washington to perform sexual acts for money. She testified petitioner was her pimp and she was a prostitute. She testified that while in the bathroom either performing or preparing to perform oral sex on Mr. Gilbert she learned he had a large amount of money on his person. She testified she told petitioner to rob him and that when petitioner attempted to rob Mr. Gilbert the two men fought and Mr. Gilbert was shot. Petitioner then took the money and Mr. Gilbert's truck keys and he and the witness fled in Mr. Gilbert's truck.

This witnesses testimony was part of a plea agreement in which she plead guilty to the crimes of first degree murder and first degree robbery. In exchange for her co-operation the state agreed to charge her as a juvenile. This witness was 14 years old at the time of the shooting and 15 years old at the time of trial. (Dkt. # 15, Exhibit 20, pages 259 to 326).

This witness had given several different versions of the event at different points in time and defense counsel attempted to impeach her testimony with the inconsistent statements. Her version of the events at trial is consistent with the physical evidence. (Dkt. # 15, Exhibit 20). Mr. Gilbert was shot four times, once in the face, once in the chest, and twice in the back. Mr. Gilbert's pants were not fully closed and he was wearing a condom. (Dkt. # 15, Exhibit 20). Further, his wife testified he had approximately $1000 dollars, cash, on his person the day of the killing. (Dkt. # 15, Exhibit 21). When police arrived on the crime scene Mr. Gilbert had no money.

As respondent notes, the "to convict" instruction set forth the elements the state needed to prove in this case for first degree murder. The elements were:

(1) That on or about the 28th day of November, 2000, Embra Gilbert, Jr., was killed;

(2) That the defendant was committing or attempting to commit robbery in the first degree;

(3) That the defendant caused the death of Embra Gilbert, Jr. in the course of and in furtherance of such crime or in immediate flight from such crime;

REPORT AND RECOMMENDATION
Page - 11

(4)   That Embra Gilbert, Jr. was not participant in the crime; and

(5)   That the acts occurred in the State of Washington.

(Dkt. # 14, page 11).

The testimony of K.S. provided sufficient evidence of each element of the crime. She testified she was a prostitute and the petitioner was here pimp. She was picked up by Mr. Gilbert who took her to the motel where petitioner and she had a room. She testified she took Mr. Gilbert into the bathroom for the purpose of performing a sexual act, that she put a condom on him, and that when he showed her his roll of money and asked for change she realized he had a substantial amount of cash on his person. She left the bathroom telling him she would get change and she told petitioner, her pimp, to "jack him." She testified the term "jack him" meant rob him. She testified when petitioner entered the bathroom and demanded all Mr. Gilbert's money the two men began to fight. She testified Mr. Gilbert made his way out of the bathroom and attempted to leave but as the two men fought petitioner shot him once, then after a brief pause there were three more shots. (Dkt. # 15, Exhibit 20, pages 259 to 326).

From the facts and evidence before them the jury could have reasonably concluded that petitioner attempted to rob Mr. Gilbert in Fife Washington on the 28th of November 2000. The Jury could also have found that in the course of the robbery petitioner shot and killed Mr. Gilbert. Finally, K.S's testimony provided evidence that she was a prostitute and petitioner was her pimp. Petitioners argument concerning sufficiency of the evidence is without merit.

2.   <u>Unanimity instruction, Ground 4</u>.

Petitioner agues it was error not to give a unanimity instruction because the jury could have found the murder was committed in the course of a robbery or in the course of stealing Mr. Gilbert's truck.

This argument fails because the charging document specified the murder occurred during the course of the robbery. The Washington State Court of Appeals considered this issue and held:

1. Unanimity Instruction.

> George next contends that the trial court should have given a unanimity instruction, arguing that the jury could have found him guilty of felony murder based on either robbery of Gilbert or theft of his truck.

> A defendant has the right to have a unanimous jury conclude that he has committed the criminal act charged in the information. State v. Kitchen, 110 Wn.2d 403, 409, 756 P.2d 105 (1988). Where multiple acts could constitute the crime charged, either the State must elect which particular criminal act it will rely on for conviction, or the trial court must give the jury a unanimity instruction. Kitchen, 110 Wn.2d at 411.
>
> The information charged George with first degree murder for causing Gilbert's death "while committing or attempting to commit the crime of Robbery, in the First or Second Degree." CP at 8. And although the court did instruct on the definition of first-degree theft, both the instruction defining first-degree murder and the to-convict instruction for first-degree murder mentioned only robbery. The to-convict instruction required the jury to find that Mr. George "was committing or attempting to commit robbery in the first or second degree" in order to find him guilty of first-degree murder. CP at 53. We presume the jury followed the court's instructions. State v. Stein, 144 Wn.2d 236, 247, 27 P.3d 184 (2001). Because the instructions gave the jury only one choice of the predicate felony for felony murder, no unanimity instruction was needed.

(Dkt. # 15, Exhibit 4, at 4).

Petitioner fails to show the state holding to be contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court, Further, petitioner does not show the decision was based on an unreasonable determination of the facts in light of the evidence presented to the state courts. Accordingly, the petition should be **DISMISSED WITH PREJUDICE.** A proposed order accompanies this report and recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **August 11th, 2006**, as noted in the caption.

Dated this 21st, day of July, 2006.

*/S/ J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge

REPORT AND RECOMMENDATION
Page - 13